[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 2, 2007
THOMAS K. KAHN
CLERK

No. 06-13672
Non-Argument Calendar

_____

D. C. Docket No. 05-00517-CR-T-17EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO HOWARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 2, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alejandro Howard appeals the concurrent 135-month sentences he received

following pleas of guilty to conspiracy to possess with intent to distribute and possession with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States.[1] He asks that we vacate his sentences and remand the case for resentencing on the grounds that (1) the district court, in calculating his sentencing range, misapplied United States Sentencing Guideline § 3B1.2 by improperly denying him a mitigating-role reduction; and (2) his sentence was unreasonable because the district court did not adequately consider the relevant 18 U.S.C. § 3553(a) factors.

## I.

Howard was one of four crew members on board a vessel that was caught by the United States Coast Guard south of Jamaica with 1,832 kilograms of cocaine. Howard claims (1) that he was simply a crew member; (2) he had no ownership interest in this substantial amount of drugs he was transporting, and he did not organize the venture; (3) there were more individuals than just the crew that participated in the drug smuggling; and (4) there was a captain on the vessel that was more culpable than him. He contends that these facts demonstrate that he was merely a pawn in the transportation of the drugs and, thus, that he should be granted a mitigating-role reduction.

---

[1] 46 App. U.S.C., §§ 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii).

We review a district court's determination of a defendant's entitlement to a role reduction for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999). The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating-role reduction. *Id*. at 939.

To determine whether a minor-role reduction applies, a district court first should measure the defendant's role against the relevant conduct for which the defendant has been held accountable. *Id*. at 940-41. This requires the district court to assess all probative facts of the defendant's role in his relevant conduct. *Id*. at 943. In cases where the defendant is a drug courier, relevant factual considerations include, but are not limited to: (1) the amount of drugs; (2) the fair market value of the drugs; (3) the amount to be paid to the courier; (4) the defendant's equity interest in the drugs; (5) the defendant's role in planning the criminal scheme; and (6) the defendant's role in distribution. *Id*. at 945. The amount of drugs, in particular, is a material consideration in assessing the defendant's role, and "may be dispositive–in and of itself–in the extreme case." *Id*. at 943. Further, "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id*. at 942-43.

3

We agree with the district court that Howard failed to carry his burden under § 3B1.2. It is clear that his role in the offense was identical to the conduct for which he was held accountable, and he did not show that he was substantially less capable than other participants involved in the conspiracy. Howard was held accountable only for the 1,832 kilograms of cocaine that he helped to transport, a substantial amount of drugs. His role was not minor in the relevant conduct of possession and conspiracy to possess with intent to distribute five kilograms of cocaine. Although there was a captain on board who may have played a more significant role, Howard brought forth no evidence at the sentencing hearing that the other crew members on board were more involved in the venture than he was.

II.

Howard next argues that his 135-month sentence was unreasonable because the district court did not adequately consider the relevant 18 U.S.C. § 3553(a) factors, as required by the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). He argues that he presented the district court with § 3553(a) factors, which the district court summarily addressed by stating that the sentence imposed was reasonable. He argues that the district court's failure either to discuss the factors that he presented or to elaborate on the § 3553(a) factors it considered suggested that the district

4

court arbitrarily rejected the factors or did not adequately consider them. He claims that the district court only considered the guidelines in fashioning his sentence.

Generally, pursuant to the Supreme Court's instructions in *Booker,* we review a district court's sentence, imposed after consulting the guidelines and considering the factors set forth at § 3553(a), for reasonableness.[2] *United States v. Williams,* 435 F.3d 1350, 1353 (11th Cir. 2006). In sentencing a defendant, the factors that a district court should consider include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public, and provide needed correctional treatment; (4) the applicable guideline range; (5) the pertinent Sentencing Commission policy statements; and (6) the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(7). A district court need not explicitly consider every single § 3553(a) factor in order for the sentence to be reasonable. *See United States v. Scott,* 426 F.3d 1324, 1329-30 (11th Cir. 2005). In fact, "an acknowledgment by the district court that it has considered the

---

[2] The government argues that, because Howard did not object to the district court's failure to consider adequately the § 3553(a) factors below, we should review his reasonableness argument for plain error. Because Howard's argument fails under the more deferential reasonableness standard, we need not address this issue.

5

defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Further, although there is no *per se* presumption that a sentence within the guideline range is reasonable, "[r]eview for reasonableness is deferential . . . and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id*. at 787-88.

The record reflects that the district court adequately and properly considered the § 3533(a) factors and, thus, complied with *Booker*. Before imposing the sentence, the district court heard Howard's arguments in mitigation and then sentenced him to 135 months' imprisonment, which was at the low end of his guideline range. The district court explicitly acknowledged that it had considered the advisory guidelines and the § 3553(a) factors in determining that the sentence was sufficient but not greater than necessary to comply with the statutory purposes of sentencing. And as we stated in *Scott*, 426 F.3d at 1330, the district court was not required to discuss each of the § 3553(a) factors.

We find that (1) the district court did not clearly err in denying Howard's request for a § 3B1.2 mitigating-role reduction, and (2) the imposition of Howard's sentence reflected consideration of the § 3553(a) factors, and Howard's sentence was not unreasonable. Accordingly, we affirm.

**AFFIRMED**.

6